IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § | **CRIMINAL NO. 4:13-CR-29-SDJ-AGD-3** |
| **BENITO GALVAN (3)** | § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on July 15, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Chris Eason.

On April 28, 2014, United States District Judge Marcia A. Crone sentenced Defendant to a term of one hundred fifty-one (151) months imprisonment followed by five (5) years of supervised release. *See* Dkts. 97 at 1–3; 186 at 1. On September 22, 2015, this term of imprisonment was reduced to one hundred twenty-one (121) months pursuant to 18 U.S.C. § 3582(c)(2). *See* Dkts. 128; 186 at 1. On February 12, 2021, Defendant completed this term of imprisonment and began serving his term of supervised release. *See* Dkt. 155 at 1. On July 10, 2023, Defendant's supervised release was revoked, and he was sentenced to a term of ten (10) months imprisonment followed by thirty (30) months of supervised release. *See* Dkts. 175 at 1; 186 at 1. On January 23, 2024, Defendant completed this term of imprisonment and began serving his term of supervised release. *See* Dkt. 186 at 1.

On June 12, 2024, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 186), alleging Defendant violated four conditions of his supervised release. *See id.* at 1–2. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall report to the Probation Officer as instructed by the Probation Office; (3) Defendant shall live at a place approved by the Probation Officer and notify the Probation Officer at least ten days before any change in living arrangement; and (4) Defendant shall participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On April 17, 2024, Defendant appeared at the Probation Office and submitted a urine specimen as part of his participation in the random drug testing program. The specimen yielded positive results for methamphetamine. A laboratory test from Alere Toxicology verified said results.

(2) Defendant failed to submit monthly supervision reports by May 5 and June 5, 2024, as instructed.

(3) On April 16, 2024, a home visit was attempted at Defendant's approved address in Plano, Texas. Collateral contact with his mother revealed he no longer resided at his approved address and was living with a friend in Seagoville, Texas. Contact was made with Defendant on May 13, 2024, and he verbally admitted to this violation.

(4) On January 25, 2024, Defendant was enrolled in the Probation Office's random drug testing program. Defendant failed to appear for random drug testing as instructed and as part of this program on April 30, 2024; May 9 and 29, 2024; and June 5, 2024.

On July 15, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for July 15, 2024. Defendant entered a plea of true to allegations one through four, consented to revocation of his supervised release, and waived his right to object to the proposed

2

findings and recommendations of the undersigned. *See id.*; Dkt. 197. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 15, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months with no term of supervised release to follow. The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 15th day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE